IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| COREY DAVIS, BARRY DAVIS AND MARION DAVIS, | : | 4:08-CV-1944 |
| Plaintiffs | : | (Judge McClure) |
| | : | |
| v. | : | |
| | : | |
| ALLSTATE INDEMNITY COMPANY, | : | |
| | : | |
| Defendant | : | |

**O R D E R**

November 21, 2008

**BACKGROUND:**

On September 22, 2008, plaintiffs, Corey Davis, Barry Davis and Marion

Davis, commenced this declaratory judgment action in the Court of Common Pleas

of Lycoming County, Pennsylvania (Docket No. 08-02187), in which plaintiffs

seek a determination that defendant Allstate Indemnity Company ("Allstate") is

obligated to pay Corey Davis uninsured motorist benefits for injuries she sustained

in a December 16, 2005 automobile accident. At the time of the accident, Barry

and Marion Davis held two (2) Allstate insurance policies, which insured

themselves, their three (3) daughters, including plaintiff Corey Davis, and six (6)

vehicles in the Davis household.  Corey Davis was operating an uninsured vehicle

owned by Kenneth K. Ulp at the time of the accident.

1

On October 23, 2008, Allstate filed a timely notice of removal to this Court, in which it asserted that the Court has diversity citizenship over this matter pursuant to 28 U.S.C. § 1332.  Thereafter, on October 27, 2008, plaintiffs timely moved to remand this action to the Court of Common Pleas of Lycoming County, Pennsylvania on the grounds that the state law question of insurance coverage will be more properly resolved by the state court.  A supporting brief was filed with the motion.  Allstate has failed to file a brief in opposition to plaintiffs' motion.  LR 7.6 of the Local Rules of the United States District Court for the Middle District of Pennsylvania reads in part as follows:

> Any party opposing any motion shall file a responsive brief, together with any opposing affidavits, deposition transcripts or other documents within fifteen (15) days after service of the movant's brief, . . .   Any respondent who fails to comply with this rule shall be deemed not to oppose such motion.

Although Allstate is therefore deemed not to oppose plaintiffs' motion, we will review the motion on its merits.  This motion is now ripe for disposition.

For the following reason, we will grant plaintiffs' motion to remand this declaratory judgment action, and will order that the case be remanded to the Court of Common Pleas of Lycoming County, Pennsylvania forthwith.

**DISCUSSION:**

Under the Declaratory Judgement Act ("DJA"), this court "may declare the rights and other legal relations of any interested  party seeking such declaration."[1] 28 U.S.C. § 2201(a) (emphasis added).  Jurisdiction is discretionary, even when the suit satisfies the requirements of subject matter and personal jurisdiction.  Wilton v. Seven Falls Co., 515 U.S. 227, 282-83, 286 (1995); State Auto Ins. Cos. v. Summy, 234 F.3d 131, 133 (3d Cir. 2000) (citing Brillhart v. Excess Ins. Co. Of Amer., 316 U.S. 491, 494 (1942)); United States v.  Pa. Dep't of Envtl. Res., 923 F.2d 1071, 1074 (3d Cir. 1991); McDowell Oil Serv., Inc. v. Interstate Fire & Cas. Co., 817 F. Supp. 538, 544 (M.D. Pa. 1993).

In this circuit, it is well established that "'federal courts should hesitate to

---

[1]The DJA provides, in relevant part:

> In a case of actual controversy within its jurisdiction . . . any court of the United States, upon the filing of an appropriate pleading, may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought. Any such declaration shall have the force and effect of a final judgment or decree and shall be reviewable as such.

28 U.S.C. § 2201(a).

entertain a declaratory judgment action where the action is restricted to issues of

state law.'"  Dixon v. Progressive N. Ins. Co., No. 02:08-CV-1010, 2008 WL

4072816, at *1 (W.D. Pa. Aug. 27, 2008) (quoting Atlantic Mut. Ins. Co. v. Gula,

No. 02-4160, 2003 WL 22962947, *2 (3d Cir. Dec. 17, 2003) (citing Summy, 234

F.3d at 134-35)).  Although this Court "wield[s] broad and selective discretion in

determining whether to entertain a declaratory judgment action," James ex rel.

James v. Richman, 465 F. Supp. 2d 395, 407-08 (M.D. Pa. 2006) (quoting Canal

Ins. Co. v. Paul Cox  Trucking, No. 1:05-CV-2194, 2006 WL 2828755, at *2

(M.D. Pa. Oct.2, 2006)) (internal quotations omitted), our discretion is not

unfettered.  Jurisdiction should be granted when the court is faced with issues of

"federal statutory interpretation, the government's choice of a federal forum, an

issue of sovereign immunity, or inadequacy of the state proceedings."  Summy,

234 F.3d at 134.  None of these issues is before us now.

Therefore, the dispositive question is whether this controversy may be better

settled in state court.  In addressing this point, it is important to recognize this case

does not raise a single federal question or issue.  The entire controversy relates to

insurance coverage, an issue well settled by state law.   The United States Court of

Appeals for the Third Circuit has already noted that "[t]he desire of insurance

companies and their insureds to receive declarations in federal court on matters of

purely state law has no special call on the federal forum." <u>Id.</u> at 136.  Where state

law is well established regarding an issue, there is "less reason for the parties to

resort to federal courts." <u>Id.</u> at 136.  In fact, the state has a strong interest in

resolving such issues, which weighs heavily against this court's exercising

jurisdiction over this controversy.  <u>Allstate Ins. Co. v. Seelye</u>, 198 F. Supp. 2d 629,

631 (W.D. Pa. 2002).

The plaintiff's objection,[2] <u>Seelye</u>, 198 F. Supp. 2d at 632 (citing <u>Summy</u>,

234 F.3d at 136), and the state court's ability to serve the parties' interests also

weigh in favor of declining jurisdiction.  <u>See</u> <u>McDowell Oil Service, Inc.</u>, 817 F.

Supp. at 544 (citing <u>Brillhart</u>, 316 U.S. at 491, 495).  There has been no suggestion

by the parties that the Pennsylvania courts cannot or will not adequately determine

and protect the rights of the parties, or that any impediment exists which prevents

either party from asserting all claims and defenses available to it in state court.

There is, however, a salient factor in <u>Wilton</u> and <u>Summy</u> not present in this

case, namely a parallel action pending in the state court.  Both the Supreme Court

in <u>Wilton</u> and our court of appeals in <u>Summy</u> reasoned that a pending parallel state

court action is one of the factors that favor declining jurisdiction in declaratory

_____

[2]Although the plaintiff's objection is influential in this case, it is not a
prerequisite for this Court to decline jurisdiction.  "[A] district court may decline
jurisdiction in a declaratory judgment action sua sponte." <u>Summy</u>, 234 F.3d at
136.

judgment actions.  The Supreme Court in <u>Wilton</u> did not expressly address the issue of whether a district court should decline jurisdiction in declaratory judgment actions in the absence of parallel state court proceedings. <u>Wilton</u>, 515 U.S. at 290. However, the <u>Wilton</u> court implicitly indicated that there are other factors, besides the existence of parallel state proceedings, that call for declining to exercise jurisdiction in a declaratory judgment action.  <u>See</u> <u>id.</u> at 288 n.2.

Consequently, although there is no parallel state court proceeding pending in this case, we find that this factor is not a prerequisite for declining jurisdiction, <u>see</u>, <u>e.g.</u>, <u>Aetna Cas. & Sur. Co. v. Ind-Com Elec. Co.</u>, 139 F.3d 419, 423 (4th Cir. 1998) (holding that there is no requirement that a state action be pending before a federal court may decline to exercise jurisdiction over a declaratory judgment action), and that the absence is heavily outweighed by the lack of federal interest in this dispute.

**CONCLUSION:**

For the reasons discussed herein, we find that the state court is the more appropriate forum for this case.  The Court of Common Pleas of Lycoming County, Pennsylvania is more than capable of resolving this dispute in accordance with state law.  Accordingly, under the circumstances of this case, and in the exercise of our discretion, we will not exercise jurisdiction over this declaratory

judgment action.

**NOW, THEREFORE, IT IS HEREBY ORDERED THAT**

1.  Plaintiff's motion to remand (Rec. Doc. No. 4) is GRANTED and this

matter is REMANDED to the Court of Common Pleas of Lycoming County,

Pennsylvania.

2.  The clerk is directed to close the case file.


s/James F. McClure, Jr.
James F. McClure, Jr.
United States District Judge